## CLAUDE WILSON KING,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(135,958; CA A28849)

682 P2d 284

Michael Curtis, Salem, argued the cause and filed the brief for appellant.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Helen M. Rockett, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendant appeals from a judgment denying his claim for post-conviction relief. He argues that he was denied effective assistance of counsel because his trial attorney failed to seek the suppression of evidence obtained as a result of his warrantless arrest, which, he contends, was unsupported by probable cause. We affirm.

On January 6, 1982, an Oregon State Police trooper received a radio dispatch indicating that an armed robbery had just occurred in Gold Hill. The robbery suspect was described as being a six-foot one-inch white adult male with short blond hair. He reportedly wore a blue leisure suit and had been observed leaving Gold Hill in a generally north-easterly direction in a black, late model Oldsmobile with California license plates.

After receiving that dispatch, the officer drove toward Gold Hill looking for the described vehicle. He noticed a black General Motors full-size vehicle with California plates headed north. While following the car, the officer noticed that the driver was a woman, but he also noticed that there was some movement in the passenger seat indicating the possible presence of another person. When the officer activated his siren and overhead light, the driver did not immediately respond, but there was no attempt to flee. After the vehicle finally stopped, the officer, using a shotgun, directed the occupants of the vehicle to get out and kneel to the ground with their ankles crossed and their hands clasped behind their heads. Defendant was an occupant of that car. In the course of the arrest the officer obtained potentially incriminating physical evidence from the vehicle and incriminating statements from defendant after he had been advised of his *Miranda* rights. Defendant's trial attorney did not seek suppression of that evidence.

Defendant argues that his arrest was unlawful, because the arresting officer lacked probable cause. Therefore, the incriminating evidence obtained in the course of that arrest would have been suppressed if defendant's trial attorney had made the appropriate motion. Defendant argues that the failure of his trial attorney to move for a suppression of evidence constitutes ineffective representation by counsel

under the standard stated in *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981).

 The threshold problem with defendant's argument is that the officer did have probable cause to arrest. A police officer may arrest without a warrant when he has probable cause to believe that the suspect has committed a felony. ORS 133.310. Probable cause exists when "there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). In the present case, the arresting officer was on the lookout for a black Oldsmobile with California license plates in the vicinity of Gold Hill. He spotted a black GM full-size vehicle with California license plates. Although a woman was driving, the officer observed movement from the front passenger seat indicating that someone else was present in the car. Furthermore, when the officer attempted to stop the car, the driver did not respond immediately. Those facts furnished a substantial objective basis for believing that, more likely than not, the occupants of the car were participants in the Gold Hill bank robbery, and there was probable cause for the officer to arrest. The evidence obtained during the arrest and used against defendant in his trial would not have been suppressed, even if defendant's trial attorney had made the appropriate motion.

Affirmed.